IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| KINGVISON PAY-PER-VIEW LTD. | ) | |
| as Broadcast Licensee of the March 1, 2003 | ) | |
| Jones/Ruiz Program | ) | Case No. CV-04-361-E-BLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING MOTION** |
| v. | ) | **TO SET ASIDE CLERK'S** |
| | ) | **ENTRY OF DEFAULT** |
| CALEB D. CORONA, Individually, and as | ) | |
| officer, director, shareholder and/or | ) | |
| principal of SENOR IGUANA'S, INC. | ) | |
| d/b/a SENOR IGUANA'S | ) | |
| | ) | |
| Defendants. | ) | |

The Court has before it Caleb D. Corona's Motion to Set Aside Entry of

Default.  For the reasons set forth below, the Court will grant the Motion.

## BACKGROUND

On July 12, 2004, Kingvision Pay-Per-view Ltd. (Kingvision) filed its

Complaint.  Corona was served on August 4, 2004 but failed to timely file an

Answer, or otherwise respond.  Kingvision filed a Request for Entry of Default.

The Court determined that it would be appropriate for the Clerk to enter default as

to Counts I and II, but not as to Count III inasmuch as Corona had filed a Motion

to Dismiss Count III within their agreed upon time frame.  *See Memorandum*

*Decision and Order* (Docket No. 12).  Kingvision subsequently consented to

**Order - 1**

Corona's Motion to Dismiss Count III, and the Court entered an Order granting the

Motion.  (*See* Docket No. 20).  The issue now before the Court is whether

Defendants have shown good cause for the Court to set aside the clerk's entry of

default as to Counts I and II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides the standard for determining

whether relief from a default entry should be granted.  It states that an entry of

default may be set aside "[f]or good cause shown."  Fed.R.Civ.P. 55(c).  The "good

cause" standard that governs vacating an entry of default under Rule 55(c) is the

same standard that governs vacating a default judgment under Rule 60(b).  *See*

*Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922,

925 (9th Cir.2004) citing *TCI Group Life Ins. Plan v. Knoebber*, 224 F.3d 691, 696

(9th Cir.2001).  Courts have broad discretion in determining when the defaulting

party has demonstrated sufficient "good cause" to set aside entry of default,

especially when, as here, default judgment has not been entered. *O'Connor v. State*

*of Nevada (O'Connor),* 27 F.3d 357, 364 (9th Cir.1994)*; see also* 10A Charles A.

Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice & Procedure*,

Civil 3d, § 2693 (1998).   Because default is a harsh penalty for noncompliance

with procedural rules, courts prefer resolving disputes on their merits.  *O'Connor*,

**Order - 2**

27 F.3d at 364.

The good cause analysis considers three factors:  (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant has a meritorious defense; or (3) whether reopening the case would prejudice the plaintiff.  *Franchise Holding*, 375 F.3d at 925.    These factors are in the disjunctive.  A defendant has the burden of showing that any of these factors favors setting aside the default.  *See TCI Group*, 244 F.3d at 697.

## DISCUSSION

Here, Corona contends that, for several weeks the parties were engaged in settlement discussions and his counsel had assurances from Kingvision's counsel that no default would be taken.  Corona further asserts that Kingvision will not be prejudiced by the Court setting aside the default entry.  Kingvision opposes the Motion.  It acknowledges that, through counsel, it had agreed to hold settlement discussions and not move for an entry of default; however, it contends that Corona failed to file an Answer or otherwise respond even within the informal extensions to which Kingvision agreed.  The Court has reviewed the file in this matter and finds that, under the totality of the circumstances, good cause exists to set aside the entry of default as to Counts I and II.

Corona acknowledges that his Answer was not timely filed but has explained

**Order - 3**

that the failure was the result of ongoing settlement discussions and a good faith belief on the part of counsel that Kingvision would not seek entry of default but had afforded him additional time in which to file an Answer or otherwise respond. Because the parties did not file any motion or stipulation regarding their side agreements, the Court cannot conclusively determine that Corona actions were culpable.  Moreover, it does not appear that Kingvision will be prejudiced by reopening the case. In light of the preference that courts decide cases on their merits, the Court will resolve any doubts it may have on the question of "good cause" in favor of the Corona.

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Set Aside Entry of Default (Docket No. 15) is GRANTED.

IT IS FURTHER ORDERED that the Clerk's Entry of Default (Docket No. 11) is VACATED.

DATED:  **May 5, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Order - 4**